Putnam, J.,
delivered the opinion of the Court. The plaintiff, having produced a regular bill of lading, signed by the master of the vessel, relies upon the general rule that the owner is answerable for the faithful performance of the contract.
This rule must be taken with its qualifications. It is not enough to prove that the vessel was owned by the defendant. It must appear, also, that she was in his employment. It must likewise be proved that the master was appointed by the owner, and acted within the scope of his authority ; for no one is answerable for the unauthorized acts and doings of another.
It is true that the title to this vessel was in the defendant; but, by the agreement between him and Marshall, the latter became the owner pro hac vice. She was in the employment of Marshall, and he directed when and where she should go. He had a right to act as master himself, or to appoint any other master. He also employed and paid the mariners, and the expenses of navigating the vessel. The defendant, for a season, had parted with his right to govern and manage the vessel; and Marshall cannot be considered as the defendant’s agent, or servant.
* It would be otherwise, if the owner had directed the voyage, appointed the master, employed the seamen, and had become answerable for their conduct. Such was the case of Parish vs. Crawford, (1) and of M’Intire vs. Bowne. (2) But *336 in the case at bar, Marshall, who chartered the vessel, must be considered as the owner, according to the principles settled in the cases of James vs. Jones & Al., (3) Vallejo vs. Wheeler, (4) Oliver vs. Green, (5) and Frazer vs. Marsh. (6)
The defendant may also contend, in this case, not only that Marshall was not the master of his appointment, but that he never employed the vessel to carry goods for hire. She was to be used in the coasting trade, in the transportation of such cargoes as Marshall should purchase and lade on board her. But Marshall, without any authority from the defendant, instead of buying cargoes, had taken them on freight. In the case of Boucher vs. Lawson, (7) Lord Hardwicke observed, that “it must appear that the ship was employed in that voyage to carry goods for hire. For any thing that appears, this ship might have been sent to Lisbon for a special purpose; and if so, no one could say that the master, by taking goods of his own head, could make the owners liable.”
Suppose an owner should send his ship from Boston to Charleston, S. C., to take a cargo there belonging to him, to carry to London; and the master, instead of going to Charleston, should proceed to New Orleans, and take a cargo on freight; could it be supposed that the owner would, in this case, be answerable to the freighter or shipper of the goods ? In such a case, notwithstanding the master was appointed by the owner, yet the latter could clearly defend himself, on the ground that he never had employed, or authorized the master to employ, his ship to carry goods for hire.
From the facts in the case at bar, we are of opinion with the -defendant on both grounds; that Marshall, pro hac * vice, is to be considered owner; and that the vessel has been employed for a different purpose than the defendant directed, (a)

Plaintiff nonsuit.

 Abbott on Shipping, part 1, c. 1. — Strange, 1251, S. C.

 1 Johns. 229

 Abbott, ubi supra. — 3 Esp. R. 27, S. C.

 Cowp. 143.

 3 Mass. Rep. 137.

 13 East, 137.

 Cas. Temp. Hardw. 199,

 Vide Abbott on Shipping, ed. by Mr. Justice Story, pp. 23, 93 132