Parker, C. J.,
delivered the opinion of the Court. The general question is, whether the case contains proof of barratry, committed by the master of the vessel, on which the goods insured were shipped. If it does, the defendant is answerable, the plaintiffs not being owners of the vessel.
The misconduct of the master was undoubtedly barratrous; unless he was himself the owner, so that barratry, technically considered, could not be committed by him. .He, was, however, owner pro hac vice, unless a charter-party, or some instrument in writing, be necessary to make him such; because, according to the terms of the parole contract, he had possession of the vessel, and the entire control of her for a period, including the time when the act took place, which caused the loss complained of.
* Now we have not been able to find, that a vessel [ * 340 ] may not be hired for a voyage, or for a time certain, without writing. By the common law, the whole property of a chattel may be transferred by parole, accompanied by a delivery. In the admiralty it is usual to require a bill of sale, as evidence of property ; and by statute in England a bill of sale is made necessary (9). Here a sale and delivery may be good between the parties, so as to change the property, without a bill of sale or other ' instrument in writing.
Without doubt, then, by the common law, a ship may be hired by a parole contract, so as to be binding on both parties ; and there is no statute of this commonwealth, or of the United States, which makes a charter-party, by deed or writing, essential evidence of the *282 contract. It is probable that coasting and fishing vessels are not unfrequently hired, without the expense of a charter-party, or other writing between the parties; and a contract to that effect, proved by witnesses, must be valid (10).
In the case before us, it appears that Jennings had acquired a right to the use of the vessel, from November, 1815, to May, 1816. There was no stipulation as to the employment in which she was to be kept; although it was expected that, during this time, she should make two trips from Boston to Philadelphia and back. The whole management of the vessel was committed to Jennings ; and within the time stipulated, he had a lawful right to exclude the general owners from the possession. For the hire of the vessel, he was to pay over to them one half of her earnings, without any deduction, except for repairs. There was no relation of master and owners between Jennings and Fislce Sf Bridge; and although Jennings would be accountable to them for any act which tended to deprive them of the fruits of the contract, or for not returning the vessel at the end of the term for which he had hired her, yet the offence of barratry could not be committed by him. For [ * 341 ] he, as master, violated no duty to them, as * owners, but merely committed a breach of his contract with the plaintiffs.
To test this principle, let us suppose that Jennings had sold his cargo in the West Indies, had returned with the vessel, delivered her to the owners within the time stipulated, and offered to pay them one half the earnings during the time; what injury would the owners have suffered, or what cause of complaint would they have had against him ? Certainly none ; and yet his contract with the shippers would have been broken.
If there had been a stipulation at the time of the hiring, that the vessel should be employed in coasting between Philadelphia and Boston, still a departure from that course would not have been barratrous, for want of the relation between him and the owners. According to the terms of the contract, as far as they appear, Jennings might have employed any other person as master; and in such case barratry might have been committed against him, but not against those of whom he hired the vessel (11).

Judgment on the verdict.

 Stat 34 Geo. 3, c. 68

 [Vide Ohl vs. The Eagle Ins. Co. 4 Mason, 390; and the reasons and authorities given by the learned judge in that case.—Ed.]

 [Vide Abbott on Shipping, Am. edition, by Mr. Justice Story, 138, note 3; and the eases there cited.—Ed.]