## KING & MEAD *against* LENOX.

Where a ship is not put up to freight, but employed by the owner, on his own account; and the master receives goods of another person on board as part of his privilege, taking to himself the freight and commissions, the owner of the ship is not liable, in case of embezzlement, or for the conduct of the master in relation to such goods.

THIS was an action of *assumpsit*, brought against the defendant, as owner of the ship called the *Ram-Duloll-Day*, to recover the value of certain goods shipped on board of that vessel, on account of the plaintiffs, and consigned to them, on her voyage from *Calcutta* to *New-York*, in the year 1817.— The cause was tried before Mr. Chief Justice *Spencer*, at the *New-York* sittings, in *April*, 1820. A verdict was taken for the plaintiffs, for 1,494 dollars and 75 cents, subject to the opinion of the Court on a case made.

It appeared that the master of the *R.* on the outward voyage from *New-York* to *Calcutta*, received from the plaintiffs a quantity of cheese and verdigris, which was shipped as part of the master's *privilege*, allowed to him, as is usual by owners of

KING
v.
LENOX.

vessels, and which were sold in *C.*, two-thirds for account the plaintiffs, and one-third for account of the master ; and th proceeds, deducting the homeward freight and commissi which were received by the masters, were invested in the goo of the country, packed in a trunk, laden on board of the *1* and consigned to the plaintiffs, at *New-York.* No part of th shipment, outward or homeward, or the freight or commission were entered in the ship's accounts ; but the same were consic ered as part of the master's privilege. The ship was not general ship, but was wholly laden on account of the owne except the usual privileges allowed the supercargo, master, an other officers. The trunk containing the goods in question wa stowed in the cabin of the ship, under the master's birth, wher he usually stows some part of his privilege. The master die on the homeward voyage. On the arrival of the ship at *New York,* the trunk consigned to the plaintiffs was opened at th custom house, by persons appointed by the collector of th customs ; when two shawls, all the pearls, and eight pieces c *Choppa Romalls,* mentioned in the invoice, to recover the val ue of which this suit was brought, were missing.

*T. A. Emmet,* for the plaintiffs.

*Wells,* contra.

*Per Curiam.* The owner of a ship is bound for the lawfu contracts of the master, when made by him relative to th usual employment of the vessel ; both on the ground of suc employment, and of the profit which they derive from it ; an the course of usual employment is evidence of authority give by the owner to make a contract for them. (*Abbott on Ships* 3d ed. 113. part 1. c. 3. s. 2.) The plaintiffs, in this case, con tracted with the master himself, knowing that he received thei goods on his own account, as part of his privilege, and not i his character of agent for the owners. The contract was no made by any implied authority of the owners, arising out of the usual course of employment. The ship was freighted wholly by the owner ; and the master had no authority from the de fendant to receive goods on freight. (*Walter v. Brewer,* 11 *Mass. Rep.* 99. *Reynolds v. Toppan,* 15 *Mass. Rep.* 370.)— We are, therefore, clearly of opinion, that the defendant is entitled to judgment.        Judgment for the defendant.

END OF AUGUST TERM.