Parker C. J.
In the case of Reynolds v. Toppan, 15 Mass. R. 370, it was determined, that the owner of a vessel under charter, the hirer having the whole control of the vessel for the time, to victual and man her and pay over a portion of the net proceeds to the owner for the use of the vessel, was not liable to the shippers of goods on board the vessel, which had been embezzled or otherwise not accounted eor by the master.[1] In that case the English authorities cited on the present occasion were duly considered by the *341 Court and therefore will not be commented upon : and in the case of Taggard et al. v. Loving, 16 Mass. R. 336, the same principle is recognised, and is applied to a contrac of lure of the vessel which existed only in paroi. So that the inquiry in the present case can be only, whether there exist any circumstances which distinguish it from those which have been thus decided.
And first it is insisted, that in the cases decided, the letting the vessel was for a certain determinate period ; in one case for six months, and in the other for the season ; whereas in the present case there is no provision for the duration or the termination of the contract.
It is not perceived that any difference in regard to the liability of the parties can result from this circumstance, for although the contract was determinable at the will of the owner of the vessel, yet, as in other contracts of a similar nature, this right is subject to the qualification, that it could not be rescinded while the vessel was actually employed in business pursuant to the contract ; so that it was an absolute and indefeasible hiring of the vessel for every voyage she should have undertaken until notice was given by the owner of his intention to discontinue it.
The principle of ownership pro hac vice by the hirer would apply to every voyage undertaken by him before he should receive notice from the owner that he chose to terminate the contract. For this we cite no authority, for no case like the present has been found ; but it results from the nature of the contract and the rights of the party under it, and is analogous to the case of leases at will of real estate, which cannot be terminated but by mutual consent, unless the lessor gives reasonable notice to quit.
It is also thought that the clause in the agreement, which provides that the defendant, the owner, shall be accountable for the wages of one man at eight dollars per month, constitutes a substantial difference between this and the cases decided ; but, on reflection, we consider this only as a means of ascertaining the charges upon the earnings before a division shall be made between the charterer and the owner. It is no more than if the parties had agreed that the earnings should *342 be divided, except that eight dollars per month should be deducted from the defendant’s share.[1]
As to the question of copartnership between the defend ant and Snow in the' employment and earnings of the vessel, we think it cannot be predicated on the facts appearing in this case, any more than in all the cases in which the char-er of the vessel was agreed to be paid by a portion of the-earnings. [2]

Judgment according to verdict

 See Revised Stat c. 39, § 3.

 See Thompson v. Hamilton, 12 Pick. 428; Perry v. Oshorne, 5 Pick. (2nd ed.) 423, and note 1; 3 Kent's Comm. (3d ed.) 136 to 138, and cases cited Abbott on Shipping (4th Am.) ed. 22 and note.

 See Thompson v. Snow, 4 Greenl. 264.