## OTIS VINAL *versus* NATHAN BURRILL *et al.*

During the session of this Court an order was obtained by the plaintiff, for taking the deposition of a witness, who was bound to sea, and notice was delivered to the defendants' attorney of record at 11 o'clock, A. M. to attend the taking of the deposition at 4 o'clock P. M. of the same day ; and the attorney attended and filed interrogatories, but protested against the notice as being insufficient. It was *held*, that the deposition so taken was admissible in evidence.

In an action by a ship's husband for supplies furnished to the vessel, parol evidence is admissible to prove that all the defendants were jointly interested in the vessel, although she was registered in the name of one only.

In an action against partners upon an alleged partnership account, it is competent for the plaintiff to prove, that one of the partners, after the dissolution of the partnership, acknowledged the account to be correct and directed that a balance against a copartner on a separate account with the plaintiff, should be transferred to the debit of the partnership, stating that it was all one concern.

In an action by a part-owner and ship's husband of a vessel against the other part-owners, to recover the balance of an account of the expenses and earnings of the vessel, which was acknowledged by the defendants to be correct, it appeared that at the time when the action was commenced, there was a single outstanding debt due to such owners, which was not mentioned in such account, and which had been subsequently collected. It was *held*, that the action might be maintained, provided the amount of such debt should be allowed by the plaintiff.

In an action upon an account stated by the plaintiff, but not signed by the defendant, it was *held*, that the account might be proved by the acknowledgment of the defendant.

Where the accounts of a voyage were made up by the plaintiff, a part-owner of the vessel and ship's husband, from the vouchers, &c., and copies of the accounts were delivered to the defendants, the other part-owners, by whom they were acknowledged to be correct, it was *held*, in an action to recover the balance of the accounts, that copies of such copies were not admissible in evidence, no notice having been given to the defendants to produce the original copies ; and that the original books from which the accounts were taken, were also inadmissible without such notice, to prove the contents of the copies which were delivered to the defendants.

ASSUMPSIT by the plaintiff, to recover the balance of his accounts of three voyages made by the brig Oracle.

The declaration contained a count on an *insimul computassent*, a count for goods sold and delivered, and the money counts. The defendant pleaded the general issue, which was joined. The trial was before *Morton* J.

The plaintiff claimed to be ship's husband of the Oracle, of which he was a part-owner. Valentine, one of the defendants, was also a part-owner. Burrill and Kimball, the other defendants, had been partners with Valentine, under the

firm of Burrill, Kimball & Co., but the partnership was dissolved on March 13, 1828. An account current referred to in the first count, was dated April 19, 1828. Burrill, Kimball & Co. were alleged by the plaintiff to be interested in voyage No. 14, of the brig, and were credited in the account current with the sum of $1415·18, which was half the net profits of that voyage. There were dealings between the plaintiff and Valentine, and by the account stated in the plaintiff's books, there appeared to be a balance against Valentine of $809·51, which sum was on April 19, 1828, transferred by the plaintiff to the account of Burrill, Kimball & Co., and formed the last item of the account current referred to in the declaration. All the items in the account with Valentine were for charges or credits relating to the Oracle.

The plaintiff offered in evidence the deposition of Zara Higgins, which was taken by order of the court. The defendants objected to its admission, on the grounds, that sufficient notice of the taking was not given to the defendants' attorney ; that no notice was given to the defendants themselves, one of whom lived very near the place of caption ; and that it was taken while this court was actually in session.

It appeared, that the notice to the defendants' attorney of record was received by him ten minutes before 11 o'clock A. M. on December 11, 1833, and that the deposition was taken at 4 o'clock P. M. on the same day ; that he attended and filed fourteen interrogatories, insisting however, that the notice was insufficient ; and that the deposition was taken, because the deponent was bound to sea.

The objection to the admission of the deposition, was overruled by the Court.

The plaintiff then called I. W. Chickering as a witness, who testified, that he made up the accounts of the voyages of the Oracle, from the vouchers and documents, and delivered copies which he had made of the statements of those accounts to the defendants ; that the defendants never made any objections to the accounts ; that Burrill, after the dissolution of the partnership of Burrill, Kimball & Co., had acknowledged them to be correct ; and that Valentine had re

cently stated to him that he had seen his former partner and had found, that the concern had never paid this debt to the plaintiff.

The plaintiff then offered in evidence copies of the copies which Chickering had delivered to the defendants. The defendants objected to their admission, on the ground, that the originals, having been delivered to the defendants, were the best evidence, and that no notice was given to the defendants to produce them. This objection was sustained. The plaintiff thereupon produced the original books from which the accounts were taken.

The plaintiff also offered to prove by the testimony of Chickering, who were the owners of the Oracle, and in what proportions each person was interested therein. This testimony was objected to, on the ground, that written documentary evidence of those facts existed, and that they could be lawfully proved only by such written documents. This objection was overruled; and it appeared from the testimony of Chickering, that a part of the vessel was owned by Burrill, Kimball & Co., though standing in the name of Valentine by their request and for their convenience.

Chickering also testified that a parol order was given by some of the firm of Burrill, Kimball & Co., but not by Valentine, after the dissolution of the partnership, to transfer the balance of Valentine's account with the plaintiff to the debit of the account of Burrill, Kimball & Co., the partners stating, that it was all one concern. This was objected to as incompetent evidence; but it was admitted.

It appeared further from the evidence of Chickering, that there was an outstanding debt due to the owners of the cargo of the Oracle, not mentioned in the accounts, upon which a payment of $231 had been made, which ought to be credited; that this was the only outstanding debt; and that the whole of it was now collected. This fact was relied on in the defence, as showing that the plaintiff could not recover on the account stated, the balance not being due as stated.

The jury were instructed, that, if they were satisfied that there was but one outstanding debt at the commencement of the action, and that that debt had since been paid, the action

Vinal
v.
Burrill.

was maintainable for the balance, after allowing the amount of the debt so collected.

The jury returned a verdict for the plaintiff.

In a motion for a new trial, the defendants stated the following alleged misdirections of the judge : 1. That this action was maintainable between these parties, (who were jointly concerned in certain transactions as partners,) before the accounts were all collected in and especially before a certain debt since received was collected, which ought to have been credited in part to these defendants, and that the first count was maintainable notwithstanding that debt ; — 2. That an account stated might be proved by word of mouth though not signed by the party to be charged, and that the oral confession of one partner after a dissolution (not being the party authorized to settle the concerns of the copartners) was sufficient proof of an account stated, and that if the defendants, or any one of them, agreed to the balance, it was proof ; — 3. That the transfer of the balance of Valentine's debt to the account of Burrill, Kimball & Co. was lawful, if the witness Chickering was authorized by any one of the partners and even after the dissolution of the copartnership.

If any of the evidence was improperly admitted, or if the instructions were wrong, or if the verdict was against the evidence, a new trial was to be granted ; otherwise judgment was to be rendered on the verdict.

*March* 18*th*.  *S. D. Parker*, for the defendants, to the point, that parol evidence was inadmissible to prove, that a part of the vessel, although standing in the name of Valentine, was in fact owned by Burrill, Kimball & Co., cited *Helme* v. *Smith.* 7 Bingh. 714 ; to the point, that an acknowledgment by one partner, of the correctness of an account, after the dissolution of the partnership, was not binding on the partnership, and that one partner was not authorized after such dissolution, to direct that the balance against Valentine should be transferred to the account of the partnership, *Barker* v. *Blake*, 11 Mass. R. 17 ; *Armsby* v. *Farnam*, *ante*, 318 ; *Abel* v. *Sutton*, 3 Esp. 108 ; *Rooth* v. *Quin*, 7 Price, 193 ; *Stead* v. *Salt*, 10 Moore, 389 ; *Whitman* v. *Leonard*, 3 Pick. 177 ; *Story* v. *Barrell*, 2 Connect. R. 665 ; *Lansing* v. *Gaine*, 2 Johns

R. 300 ; *Hackley* v. *Patrick*, 3 Johns. R. 536 ; *Walden* v. *Sherburne*, 15 Johns. R. 409 ; *Hopkins* v. *Banks*, 7 Cowen, 650 ; *Baker* v. *Stackpole*, 9 Cowen, 433 ; *Mercer* v. *Sayre*, Anthon's N. P. 119 ; to the point, that this action could not be maintained because there was an outstanding claim uncol-. lected, *Bovill* v. *Hammond*, 6 Barn. & Cressw. 149.

C. P. *Curtis*, for the plaintiff, to the point, that parol evidence was admissible, to prove who were in fact the owners of the vessel, cited Roscoe on Evid. (Am. edit.) 178 ; *Pirie* v. *Anderson*, 4 Taunt. 652 ; *Flower* v. *Young*, 3 Campb. 240 ; *Weston* v. *Penniman*, 1 Mason, 306 ; *Taggart* v. *Loring*, 16 Mass. R. 336 ; to the point, that the accounts delivered to the defendants, not being objected to by them, were to be considered as stated accounts, *Richmond Manuf. Co.* v. *Starks*, 4 Mason, 296 ; 1 Madd. Ch. Pr. 101 ; as to the effect of an acknowledgment by one partner after the dissolution of the partnership, *Cady* v. *Shepherd*, 11 Pick. 400 ; *Wood* v. *Braddick*, 1 Taunt. 104 ; *Pritchard* v. *Draper*, 1 Russ. & Mylne, 191 ; *Simpson* v. *Geddes*, 2 Bay, 533 ; *Parker* v. *Merrill*, 6 Greenl. 41 ; *Eaton* v. *Taylor*, 10 Mass. R. 54 ; and as to the objection to the action arising from the outstanding claim, *Williams* v. *Henshaw*, 11 Pick. 79.

Putnam J. delivered the opinion of the Court. We will now consider the objections which the defendants make to the proceedings at the trial.

And first, as to the admission of the deposition of Zara Higgins. It was contended for the defendants, that sufficient notice was not given to the defendants' attorney, and no notice to the defendants themselves, and that it was taken while this Court was actually in session.

It appears, that the notice to the defendants' attorney of record, was received by him ten minutes before 11 o'clock A. M. on December 11, 1833, and the deposition was taken under the order obtained from the Court, at 4 o'clock, the same day. The deponent's being bound to sea was the cause of the taking of the deposition. The attorney of record attended and filed fourteen interrogatories, insisting however that there had not been sufficient notice. And there was no suggestion, that the deponent did not immediately proceed to

*Margin:* Vinal
*v.*
Burrill.

*Margin:* *April 8th*

Vinal
v.
Burrill.

sea. Now we are all satisfied, that upon these facts this deposition was properly received in evidence.

The objection of the defendant's counsel against parol evidence to charge the defendants as owners of the brig Oracle, for the disbursements &c. relating to the voyages in question, we think cannot prevail. The register of the brig was in the name of Valentine ; but notwithstanding that fact, we think, that the plaintiff might prove by parol evidence that Valentine and the other defendants were owners *pro hac vice,* and were jointly interested in the voyages mentioned in the account of the plaintiff as ship's husband.

It has been decided, that a hiring of a vessel may be proved by parol. *Taggart* v. *Loring,* 16 Mass. R. 336. Ships and other personal chattels may be sold and conveyed by parol. The doctrine that a vessel may be transferred by parol while at sea, is recognised in *United States* v. *Willings,* 4 Cranch, 55. The property will pass by a parol sale ; but to entitle the purchaser to a new register giving an American character to the vessel, the act of Congress of December 31, 1792, (U. S. *St.* 1792, *c.* 146,) requires an instrument in writing. But for the purpose for which the parol evidence in the case at bar was offered, we are all clearly of opinion that it was competent.

It was objected also, that the plaintiff was permitted to prove, that one of the partners made acknowledgments after the dissolution of the partnership, touching the plaintiff's claim now in suit, and that he gave directions to transfer Valentine's separate account with the plaintiff to the debit of the firm, stating that it was all one concern. But this objection cannot prevail. The confessions of one partner after the dissolution of the partnership in relation to the concerns of the partnership are competent, though not conclusive evidence against a copartner, the joint contract being proved *aliunde.* This rule does not enable a partner, after the dissolution, to create a new debt or obligation. In regard to all contracts made before the dissolution, the joint liability continues after he dissolution. *Cady* v. *Shepherd,* 11 Pick. 400, and the cases there cited. This must be considered as the settled law in this State. The confessions offered in the case at bar, come under this rule, and were properly admitted.

And the objection, that this action could not be maintained because there was an outstanding debt not collected, cannot prevail, inasmuch as the plaintiff proposed to give credit for the same, and to have a judgment for the balance. Now we think, that if the plaintiff had proved by legal evidence, that the account now sued had been acknowledged by the defendants before the action was brought, the action ought not to be defeated by the receipt of the outstanding debt afterwards. The account as the plaintiff alleges, was presented, examined and passed under the revision of the defendants with the vouchers, not only without objection, but with acknowledgment of its correctness. If these facts were legally proved, the plaintiff would be well warranted in commencing his action for the final balance, as then appearing. If while the action was pending, the plaintiff has received something which was not expected to have been recovered when the accounts were so exhibited, we think that circumstance ought not to defeat the action, which was rightly commenced as aforesaid ; but that the plaintiff might well be allowed to give credit and recover accordingly. It has no tendency to disprove the count upon the *insimul computassent,* which was indeed true, and final as the parties then supposed ; but it should be considered as an unexpected payment towards the balance acknowledged to be due at that time.

The objection made, that an account stated though not signed by the parties, might not be proved by the acknowledgment of one party, cannot be sustained. It would militate against the rule upon that subject before mentioned.

But there is one objection made by the counsel for the defendants, which must prevail. The defendants objected to copies of the accounts being received in evidence, on the ground, that the originals, being delivered by the witness to the defendants, were the best evidence, and that notice should have been given to the defendants to produce them on the trial. The report finds, that this objection was sustained on the trial, and thereupon the plaintiff produced the original books from which the accounts were taken. But the production of the original books did not cure the difficulty, nor meet and answer the objection raised. The plaintiff proposed to

Vina.
v.
Burrill.

give evidence of the contents of a paper writing of accounts delivered to the defendants, and acknowledged by them to be correct. That was the original paper to which the defendants referred ; and we do not perceive but that they might well object to the evidence which the plaintiff offered, to prove the contents of the paper alleged to have been acknowledged, without calling on the defendants to produce the paper delivered to them. The mistake at the trial was in considering the books as the original papers delivered to the defendants. But the fact was not so. The books were not put into the defendants' hands, with the vouchers ; but an account was delivered to the defendants, with the vouchers, which they examined and acknowledged to be correct. What were the contents of that account ? It was that account to which the alleged acknowledgment of the defendants referred. That account became to the defendants an original paper ; and the plaintiff cannot legally prove the contents, by a copy, unless he should have called for and given reasonable notice to the defendants to produce the original one, which was delivered to them.

For this cause (we regret to say) the verdict must be set aside and a new trial granted. We regret it, because we have no reason to believe that the copy in the book was incorrect. But however that may be, the defendants have a legal right to object to the secondary evidence before they have been notified to produce the original

*New trial granted*