TIMOTHY MANTER & others vs. RICHARD W. HOLMES
& another.

When the owners of a vessel have let her on shares, for a certain time, to the mas-
ter, who is to victual and man her, they cannot maintain an action for freight
earned by the vessel during that time : Such action can be maintained by the mas-
ter only.

ASSUMPSIT to recover the freight of fifty drums of codfish
shipped at Baltimore, April 6th 1840, on board the schooner
Susan, whereof Stephen Ellis, jr. was master.

The case was submitted to the court on the statement of
facts which follows : " The plaintiffs were the owners of the
schooner Susan.  Stephen Ellis, jr. in February or March
1840, took the schooner on shares, for six months ; he to vic-
tual and man her, and to have one half of the net proceeds,
after paying the port charges, and also to have five per cent.
on the net proceeds, after paying the port charges ; the own-
ers of the schooner to have the residue.

" The fish, the freight of which is sued for, was delivered
in good order, agreeably to the following bill of lading :
' Shipped in good order and well conditioned by Benjamin
Jenkins, in and upon the good schooner called the Susan,
whereof Stephen Ellis, jr. is master, and now lying in the
port of Baltimore, and bound for Boston, to say, fifty drums
codfish, marked and numbered as in the margin, and are to be
delivered in like good order and well conditioned, at the afore-
said port of Boston, (the dangers of the seas only excepted,)
unto Holmes and Scudder, or to their assigns, he or they pay-
ing freight for the said goods, sixty two and a half cents per
drum.   Dated at Baltimore, 6th April 1840.

Stephen Ellis, jr.'

" Ellis, at that time and before, was indebted to the defend-
ants in a sum greater than the freight of the fish aforesaid
and charges, and they claimed to set off his debt to them
against said freight and charges.   Ellis was also indebted to
the plaintiffs, owners of the schooner, for money advanced
and for supplies by them furnished to the schooner.   Upon a

settlement made May 9th 1840, between the plaintiffs and said Ellis, there was a considerable balance due to the plaintiffs, after crediting said Ellis with the amount of the freight of the fish aforesaid, and the plaintiffs took said Ellis's note for the balance due them."

*W. Davis,* for the plaintiffs.

*J. H Loud,* for the defendants.

SHAW, C. J. The court are of opinion that the freight was legally due to Ellis, the master, who had taken the vessel on shares, and that he alone can maintain an action for it. The fact that the defendants had a demand against Ellis, which they could set off in an action by him, shows the importance of adhering to the rule of law, and that it is not a mere technical objection to the form of proceeding. We are inclined to think that such would be the rule, had the plaintiffs held the ordinary relation of general owners, and Ellis that of master of a seeking and freighting vessel. *Lewis* v. *Hancock,* 11 Mass. 72. But the case goes further, and shows that Ellis had taken the vessel on shares, and of course was owner *pro hac vice.* And this, we think, renders it quite clear that he alone could legally demand and sue for this freight. *Reynolds* v. *Toppan,* 15 Mass. 370. *Taggard* v. *Loring,* 16 Mass. 336. *Thompson* v. *Hamilton,* 12 Pick. 425.

*Judgment for the defendants.*