Tuckerman *v.* Brown.

---

## TUCKERMAN *vs.* BROWN and others.

The owner of a vessel is never made liable as a carrier, merely by virtue of his ownership. The vessel must also have been in his employment, so as to make him a party to the contract for carriage; the criterion of liability being not ownership, but employment.

The party who has the control of the vessel, and in whose business it is engaged, is regarded as the owner *pro hac vice*, and as such is answerable to the freighter.

It is not material, upon the question of liability, whether the owner of the vessel receives for its use a stipulated sum, or a share of its earnings. In either case the party who, by the contract with the owner, is entitled to the possession, command and navigation of the ship, and not the owner, is liable in an action for not delivering goods.

THIS action was brought against the defendants as owners of the schooner Pennsylvania, for not delivering a cargo of coal. For a statement of facts, see *Clendaniel* v. *Tuckerman, ante, p.* 184. The trial was had before Mr. Justice Wright, without a jury, at the Ulster circuit, in April, 1852. After the evidence was closed, the defendants moved for a nonsuit, upon two grounds: 1. That the action should have been brought against the master, he being owner *pro hac vice*, and the party who contracted for the carriage of the goods. 2. That the obligation of the owner, as carrier, ceased on arrival at the place of delivery, and notice of readiness to deliver, and from that time the master became the bailee of the goods, and being a gratuitous bailee, he was only liable for gross negligence, of which there was no evidence. The judge granted the nonsuit, upon the first ground, expressing no opinion upon the other. Judgment having been entered, the plaintiff appealed.

*H. Hogeboom*, for the plaintiff.

*E. Cooke*, for the defendant.

*By the Court*, HARRIS, J. The owner of a vessel is never made liable as a carrier, merely by virtue of his ownership. The vessel must also have been in his employment, so as to make him a party to the contract for carriage. Thus, if the owner charter his vessel to another, the charterer alone is liable. The criterion of liability, therefore, is not ownership, but employment. The party who has the control of the vessel, and in whose business it is engaged, is regarded as the owner *pro hac vice*, and as such is answerable to the freighter. (*See* 3 *Kent*, 138, *and cases there cited.*) Nor is it material to the question of liability whether the owner of the vessel receive for its use a stipulated sum, or a share of its earnings. In either case, the party who, by the contract with the owner, is entitled to the " possession, command and navigation of the ship," and not the owner, is liable in an action for not delivering goods. *Cutler* v. *Winne*, (6 *Pick.* 335,) cited in the opinion of the judge who

tried the case, is to this effect. (*See also Thompson* v. *Hamilton*, 12 *Pick.* 424. *Taggard* v. *Loring*, 16 *Mass. Rep.* 336. *Reynolds* v. *Tappan*, 15 *Id.* 370. *Manter* v. *Holmes*, 10 *Metcalf*, 402.) The judgment at the circuit was right, and should be affirmed.

[ALBANY GENERAL TERM, September 5, 1853. *Watson, Wright* and *Harris*, Justices.]