CYRUS BAKER & another *vs.* JOSEPH HUCKINS & others.

The general owners of a vessel are not liable for stores furnished to the master to victual her while in his possession under a charter party for a definite period, by which he has the entire management, and they are to pay for keeping her in repair, and to receive a proportion of her earnings.

ACTION OF CONTRACT against the general owners of the schooner Barnstable, for supplies furnished to Joshua G. Chase, her master, on the 15th of May 1852, to victual the schooner, and charged in the plaintiffs' books to " Schooner Barnstable and owners, Capt. J. G. Chase."

On the 15th of March 1852, the defendants and Chase had made an agreement in writing, by which he agreed to take the schooner, and employ her in freighting and fishing for the season; and to take, out of the gross receipts, seven per cent. for his commissions, and the port charges, and divide the remainder equally between himself and the defendants; and the defendants agreed " to pay all necessary repairs and bills on the vessel to keep her in good order for the business."

The parties submitted the case to the decision of the court upon these facts.

No counsel appeared for the plaintiffs.

*H. A. Scudder,* for the defendants.

BIGELOW, J. By the contract between the owners and the master of the vessel, it appears that the vessel was let for the season, that is, for the spring, summer and autumn months of the year 1852, by the owners, to the master, who took the entire charge and control of her for that time; subject only to a liability or the part of the owners to pay all necessary charges for repairs of the vessel in order to keep her seaworthy. She was, by this contract, under a charter, which gave to the hirer the sole possession and direction of the vessel during the term, without any right on the part of the owners to interfere with her management. Under these circumstances, the master was not the agent of the owners to victual and man the vessel, and had no power or

authority to bind them for any thing beyond the expense of re-
pairs, according to the terms of the contract. The hirer was
`^ --;\er` of the vessel *pro hac vice.* Nor does it make any differ-
ence as to the liability of the owners, under this contract, that
they were to receive a proportion of the profits or earnings, as
a compensation for the use of the vessel, instead of a fixed and
determinate sum. It has been often held that such a contract
does not render the owners liable for supplies or wages of sea-
men. *Reynolds* v. *Toppan*, 15 Mass. 370. *Cutler* v. *Winsor*,
6 Pick. 335. *Thompson* v. *Hamilton*, 12 Pick. 428. *Houston* v.
*Darling*, 16 Maine, 413.

In the present case, as the items claimed by the plaintiff were
for victualling the vessel, and do not constitute a valid claim
against the defendants, who are owners, there must be

*Judgment for the defendants.*