By the Court.

From the facts stated in this case, it appears that the defendant, as master of the vessel, was liable to the seamen for their wages; and that' the plaintiffs were not liable, Marston and Burbank being substituted as owners for that voyage by the charter-party, and having stipulated to pay all the expenses of victualling and manning the vessel. The plaintiffs’ vessel was, however, liable to the seamen by the marine law, and was, in fact, libelled and held until the plaintiffs procured her release by paying the sum due.
Certainly, under these circumstances, an action would lie for the plaintiffs against Marston and Burbank, to recover the amount paid ; and this without any express stipulation in the charter-party, or proof that the charterers were to victual and man the ship, (a) That would be the effect of the contract of charter-party, unless it appeared by the instrument itself that a different arrangement was intended.
As the contract between the master and seamen [*487] is express * in the shipping-paper, and he is made directly responsible to them, and may retain freight to indemnify *477 himself, perhaps an action would lie by the owners against the master for money they had been compelled to pay the seamen, in order to relieve their property from the custody of the law, without other circumstances being proved.
But, in this case, the master actually received money sufficient to pay the wages; and received it, in the understanding of all the parties, for this very purpose; and the appropriation of it to a different object was altogether an afterthought, probably produced by the insolvency of Marston and Burbank.
We can hardly conceive of a clearer case for the equitable action brought against the master. He had money in his hands destined, by those who paid it, for the compensation of the seamen ; and it was received by him for no other purpose ; yet he sees the libel of the vessel, and does not remove it, and obliges the plaintiffs to advance the money to pay a debt of his own.
It is said there was no privity between these parties, and no request. But the restraint upon their property stands in lieu of a request; and the law implies a promise, as for money laid out and expended for the use of the defendant; although we doubt if the plaintiffs could recover, upon the facts stated in the case, upon the count for money had and received.
The case of Exall vs. Patridge, (2) which was cited for the plaintiffs, is a stronger case than the present, and leaves no doubt how this question would be decided in the English courts. Indeed, we are all very clear that the plaintiffs ought to recover. The verdict is, therefore, to be set aside, and judgment to be entered for the plaintiffs, for the sum agreed in the case, with interest and costs.
ADDITIONAL NOTE.
[See Swasey vs. Little, 7 Pick. 296. — Winsor vs. Cutts, 7 Greenl. 261. — Pitkin vs. Brainerd, 5 Conn. 451. — F H.]

 [Kimball vs. Tucker, ante, 192.— Putnam vs. Wood, 3 Mass. Rep 481. — Meyer vs. Barker, 6 Bin. 228. — Ripley vs. Scaife, 5 B. & C. 167. — Ed.]

 8 D. & E. 308.