PANGBURN *against* RAMSAY.

IN ERROR, from the *Albany* court of common pleas. The plaintiff in error brought an action against the defendant, in the court below, for a *false return*, to a writ of *certiorari*, directed to him, as a justice of the peace, requiring him to certify the proceedings, &c. in a certain cause before him, as a justice, in which *Israel Nix* was plaintiff, and the plaintiff in error defendant. The declaration stated the issuing of the *certiorari* out of this court and its delivery to the defendant, who, contriving and intending, &c. falsely, maliciously, and deceitfully, and in deceit of the supreme court, &c. to prevent the plaintiff in error from obtaining a reversal of the said judgment, &c. made a certain return, &c. (setting it forth,) that "the plaintiff demanded, &c. and the defendant pleaded the general issue;" and "that the defendant being called on for his testimony, alleged that his witness was gone, and he producing no testimony, I gave judgment for the plaintiff," &c. "and that after the plaintiff had exhibited his proof as aforesaid, and until the said cause was finally ended, the defendant did not, as is alleged in his affidavit, offer any proof to show payment of the said demand, or any other defence." Whereas in truth and fact the plaintiff did not plead the general issue, as is alleged in the said return, but pleaded payment, &c. and after the plaintiff's proof before the said justice was ended, the defendant offered to prove payment of the plaintiff's demand, &c. which proof the defendant (*Ramsay*) refused to receive or hear; and whereas, also, in truth and fact, the matter of the answer and return aforesaid is false, and altogether contrary to the truth, by pretext whereof he, the plaintiff in error, was not only prevented from obtaining any redress or reversal of the judgment and proceeding aforesaid, &c. but he, the plaintiff in error, was also compelled to suffer imprisonment, and endure great pains both in body and mind, and to pay and expend divers large sums of money, &c. to his damage, &c.

The defendant below pleaded the general issue, and the cause being tried, the jury found a verdict for the plaintiff, and assessed his damages to 164 dollars and 75 cents. The court

In an action against a justice of the peace, for a false return to a *certiorari*, the declaration, after stating the *falsity* of the return, averred, that "by pretext whereof, the plaintiff was not only prevented from obtaining any redress or reversal of the judgment and proceedings aforesaid; but was also compelled to suffer imprisonment, and endure great pain both of body and mind, and to pay and expend divers large sums of money," &c.
This was held, after verdict, to be a sufficient averment of the affirmance of the judgment, and the loss or damage consequent thereon. A verdict aids a title defectively set forth. On an *arrest* of judgment no *costs* are recoverable. Where a judgment is given in a court below against a plaintiff, this court, on a reversal of that judgment, will give such judgment as the court below ought to have given.

below, being of opinion that a new trial ought not to be granted, unless the plaintiff would remit 60 dollars, part of the damages assessed by the jury, the plaintiff, therefore, entered a *remittitur* for that sum; and a motion was afterwards made in arrest of judgment, and the court being of opinion that the declaration was bad and insufficient, adjudged that the plaintiff should take nothing by his bill, &c. and further, that the defendant recover against the plaintiff, 40 dollars and 44 cents for his costs and charges, &c.

*I. Hamilton,* for the plaintiff in error, contended that if there were any defects in the declaration, they were cured by the verdict. The general rule is well settled, that a verdict will aid a title defectively set out, though not a defective title.* But the declaration is substantially good. The *falsity* of the return, and the consequent injury, are the *gravamen* of which the plaintiff complains, and they are stated with all requisite certainty.†

Again, the court below ought not to have adjudged costs to be recovered by the defendant. On an arrest of judgment no costs can be given; for it is not a case within any of the statutes allowing costs.

As judgment was given against the plaintiff in the court below, this court, if they are of opinion that the judgment was erroneous, will give such judgment as the court below ought to have given.‡

*J. V. N. Yates,* contra, insisted, 1. That the declaration contained no averment that the suit on the *certiorari* was at an end, or that any judgment was given on the return. In this action as well as for a malicious prosecution, it ought to appear that the original suit was at an end.

2. The allegation of *falsity* in the return is too vague and general; it is not set forth with that precision and certainty which is requisite to enable the court below to give judgment with safety.§

3. But whether, the court below were right or wrong in arresting the judgment, this court will see from the whole record; and may award a *venire facias de novo.*

SPENCER, J. delivered the opinion of the court. The principal question is, whether the plaintiff's declaration contains a

* 1 *Johns. Rep.* 470. 2 *Johns. Rep.* 563. 2 *Tidd's Prac.* 826. 2 *Saund.* 228. n. o.
† 3 *Term Rep.* 767 8 *Term Rep* 462. 2 *Term Rep.* 229, 230. 1 *Wils.* 336. *Bull. N. P.* 202.

‡ 2 *Tidd's Prac* 1130, 1131. 2 *Bac. Abr.* 502.

§ 1 *Chit. Pl.* 255. 3 *Bl. Com.* 395.

sufficient averment, that the judgment on which the writ of certiorari was brought, was reversed; for the allegation of fal-sity in the return is sufficiently clear and explicit. The decla-ration states, that " by pretext whereof (the false return) he, the said *Joseph*, was not only prevented from obtaining any redress or reversal of the judgment and proceedings aforesaid, of the said *Frederick*, in the said suit between him, the said *Frederick*, and the said *Joseph*; but the said *Joseph* was also compelled to suffer imprisonment, and to endure great pains in body and mind, and to pay and expend divers large sums of money." After a verdict, there can be no doubt that this averment sub-stantially sets forth the affirmance of the judgment, and the loss or damage consequent thereon. The doctrine on this subject is well settled by Sergeant *Williams*, in a note to 1 *Saund.* 128. Where there is a defect, imperfection, or omission, which would have been a fatal objection on demurrer; yet if the issue joined be such as necessarily required, on the trial, proof of the facts defectively or imperfectly stated, or omitted, and without which it is not to be presumed that either the judge would di-rect, or the jury would have given the verdict, such defect, im-perfection, or omission, is cured by the verdict at common law. This principle was admitted and enforced, in the case of *Bayard* v. *Malcolm*, in error. (2 *Johns. Rep.* 550.) Considering this, then, an imperfect setting forth of the affirmance of the judg-ment it is entirely cured by the verdict; for it is a settled prin-ciple that a verdict aids a title defectively set out. (*Doug.* 697. 2 *Tidd's Prac.* 886.)

This view of the case renders it unnecessary to consider whe-ther costs can be given on an arrest of judgment. But I think it proper to say they are not recoverable. An arrest of judg-ment is a refusal to give judgment; and the statute concerning costs does not extend to such a case.

The damages in this case having been found by a jury, and this court being bound to give such judgment as the court be-low ought to have given, the judgment for the costs must be reversed, and a judgment entered that the plaintiff recover the damages found by the jury, and not remitted by the plaintiff, together with the costs of this court, and his costs in the court below; and that he be restored to all things, which he has lost by the judgment below. (2 *Tidd's Prac.* 1130.)

Judgment for the plaintiff.