## COLE vs. STONE.

In debt on a judgment rendered by a justice of the peace of another state, the plaintiff must prove the judgment, and that the justice had jurisdiction of the subject matter of the suit, and of the person of the party against whom the judgment was rendered.

The statute giving jurisdiction to the justice must be proved.

The statute prescribing the modes of proving judgments rendered by justices of the peace of any adjoining state, commented upon by BEARDSLEY, J.

ERROR to the Chautauque common pleas. Action on judgment rendered by a justice of the county of Erie, Pennsylvania. It was proved by the plaintiff that the justice who

rendered judgment was an acting justice in North East, Erie county, and that there was a judgment in his docket, of which the transcript is to the following effect: that the parties appeared by letter, and .agreed to refer the cause, and that the referees in conformity to a rule of court, issued February 15, 1843, met and were sworn, and found for the plaintiff $11.97 and costs, for which judgment was entered. On this proof the justice rendered judgment for the plaintiff. The cause was carried to the common pleas and the judgment affirmed.

*J. M. Keep,* for plaintiff in error.

*William Smith,* for defendant in error.

*By the Court,* BEARDSLEY, J.   Cole sued Stone in the justice's court, and declared upon a judgment rendered by a justice of the peace of Erie county, Pennsylvania, to which the defendant pleaded the general issue.  In order to recover it was incumbent upon the plaintiff, not only to prove the judgment, but also that the justice had jurisdiction of the subject matter of the suit and of the person of the party against whom the judgment was rendered. (*Thomas* v. *Robinson,* 3 Wend., 267.)   The only proof given or offered was that of the justice who rendered the judgment and a transcript of his docket, and this, upon common law principles and as held in the case cited, was wholly insufficient.  A justice's court, as a civil tribunal, is necessarily a mere creature of the statute, for it is unknown to the common law, and in this case, as the authority of the justice who rendered the judgment depended on the statute law of Pennsylvania, it was necessary to prove that law in order to establish the validity of the judgment declared on.

The attempt seems to have been not to prove the case at common law but under the act of 1836. (p. 658.)   This act prescribes two modes of proving judgments rendered by justices of the peace in any adjoining state.

1. By a transcript of the docket of the judgment and the proceedings in the cause before judgment, to be signed and

certified by the justice, who is also to certify that he "had jurisdiction of said cause;" the whole to be verified by the certificate, under seal of the clerk or prothonotary of the county. (§§ 1, 2.) It will be observed that this requires the proceedings in the cause *before judgment* to be transcribed and certified. These will show what the action was in which the judgment was rendered, and the manner in which jurisdiction over the party was acquired; and the certificate of the justice that he "had jurisdiction of said cause," supersedes the necessity of other proof of the statute under which his court was organized and by which its powers were confered.

2. The other mode prescribed by the act of 1836 is specified in the third section. This declares that the justice who rendered the judgment produce his docket, or a copy of the judgment in court, and on being sworn and examined as a witness to the truth and correctness thereof, and of his authority to render such judgment, the same shall be evidence of such judgment and proceedings and of authority to render said judgment. This transcript, as it is called, must have been offered in evidence under the third section, for it plainly was not under the others. But to make the proof complete it was necessary not only to show the official character of Mr. Baldwin, but his "authority to render said judgment." The latter was not attempted, for merely proving him to have been a magistrate amounted to nothing. It neither proved his civil jurisdiction over the particular case before him, or over the person of the defendant. And the difficulty is not obviated by the transcript, regarding it as a true copy from the docket. It does not show what the action was, nor that the parties were in court. True it states that they "appeared by letter and entered an amicable suit, and agreed to refer the cause," and that on the report of the referees judgment was rendered. The testimony given was wholly insufficient to prove the judgment, and the justice erred in the judgment rendered by him.

The statute of 1836 has provided a convenient mode of proving such foreign judgments, and there can be no difficulty in complying with its requirements where the pro-

ceedings were conducted and recorded with ordinary care and attention. But it is in derogation of the common law mode of proof, and must not be so frittered away by construction as to subvert first principles or put in jeopardy the substantial rights of parties.

The judgment of the common pleas and of the justice, (*Pangburn* v. *Ramsey,* 11 Johns., 141 ; Gra. Pr., 2d ed. 962,) should be reversed.

Judgments reversed.