## SWANTON *versus* REED & *al.*

For materials used in the repair of a vessel, which had been let on hire for a voyage or for a stipulated time, the general owner is not liable, provided such materials are procured and applied to the vessel by the hirer under a charter party by which he agreed to make the repairs in payment for the hire.

The rule is the same though the contract for such letting and reparing be by parole, and though it be unknown to the material-man, and although the repair be of a permanent character.

ON FACTS AGREED.

ASSUMPSIT against the several owners of the schooner Boxer, for materials used in repairing her.

The defendants, Benjamin Reed, John Hodgdon and Jackson Hodgdon, were owners of the schooner.

On March 1, 1848, Reed verbally chartered his third to John Hodgdon for fishing during the term of eight months. The hire was to be paid by John Hodgdon, partly in money and partly by a set of new sails, a new anchor and cable and other specified repairs to be put upon the vessel without charge or expense to Reed.

John Hodgdon *took possession* of her on the same day, *March* 1, 1848, and on the 3*d of the same month* procured of the plaintiff 314 yards of duck, of which he made the new sails contracted for.

On March 10, 1848, a charter party was drawn up in due form, and signed and sealed by the parties. Though dated on March 10th, it recites " this charter party indented, made and concluded upon *this first day of March,* 1848," &c. John Hodgdon sailed and used the vessel, during the eight months, for his own benefit, and received the fishing bounty.

The plaintiff had no knowledge of the charter contract, and charged the duck to the schooner Boxer, and brings this suit to recover for the same against the general owners of the vessel.

Jackson Hodgdon was defaulted. John Hodgdon died pending the suit.

If Reed is not liable, a discontinuance as to him is to be entered, with cost.

*Tallman,* for the plaintiff.

In most of its particulars, this case is like that of *McLellan* v. *Reed,* [see *ante p.* 172.] As to those particulars, the Court is respectfully referred to the argument there made for the defendant.

The sails, anchor, cable, &c. were of the character of per-

manent repairs, to increase the value of the vessel long after the charter party should expire. The plaintiff, in furnishing the materials for the sails, knew nothing of the charter party. And if he had, the fair presumption is, that Reed knew of the purchase, and assented to it, at the expense of the vessel. *Packard* v. *Sloop Louisa*, 2 Wood. and Minot, 55.

The agreement that Hodgdon should pay for the repairs, was merely between him and Reed. Suppose that immediately after procuring the duck, Hodgdon had been prevented from using the vessel. In that case Reed would have been clearly liable. Such contracts, without notice to third persons, can give no protection against a general owner for permanent repairs.

*Paine*, for the defendant, Reed.

RICE, J. — This case was argued with *McLellan* v. *Reed*, and presents substantially the same legal questions.

The terms of the charter were agreed upon and the vessel delivered to the hirer, John Hodgdon, on the first day of March, 1848. The written charter party was not executed until the 10th of the same March. It is contended that the vessel was held under the parole agreement until the 10th of March. A vessel may be chartered by parole as well as in writing. *Taggard* v. *Loring*, 16 Mass. 336; *Thompson* v. *Hamilton*, 12 Pick. 425.

When the ship is out of the employment of the owner, the charterer, whether under a parole or written contract, is held for supplies, and not the owner. *Perry* v. *Osborn*, 5 Pick. 422. And so also for materials for repairs. *Reeve* v. *Davis*, 1 Adol. & Ellis, 312; *Cutler* v. *Thurlo*, 20 Maine, 213. And this is reasonable, for the person furnishing the supplies may easily ascertain who is the owner, for the time being, to whom the supplies are made, and if his credit is not satisfactory he may decline dealing. 5 Pick. 422; 1 Adol. & Ellis, 312, before cited.

A contract for the hire of Reed's interest in the vessel having been made on the first of March and the vessel then delivered under that contract, the fact that this contract or

one of similar purport was executed in writing on the 10th of the same month does not change the result.

The contract stipulates that the charter shall be paid, part in cash, and part in repairs upon the vessel. Hodgdon was not thereby made the agent of Reed in purchasing the materials necessary for the repairs, nor is Reed liable therefor. He must therefore have judgment for his costs.

SHEPLEY, C. J., and WELLS, HOWARD and HATHAWAY, J. J., concurred.