## GAY *v.* SMITH.

Upon the reversal of a judgment on error, a writ of restitution is to be awarded for the amount received by the defendant in error, in satisfaction of the erroneous judgment, and officers' fees, with interest thereon. There can be no inquiry. into the damages sustained by the plaintiff in error, by reason of the levy of the execution upon the property, and a sale thereof under its value.

ERROR to the Court of Common Pleas, to reverse a judgment rendered in a suit in which the plaintiff in error was original defendant. The judgment was reversed for want of legal service of the original writ, the defendant having been defaulted in that suit. Upon the reversal of the judgment the plaintiff in error moved for an inquiry into the damages sustained by reason of the levy of the execution upon the property attached, and the sale thereof — the proceeds of the sale being alleged to be much less than the value of the property, and for a writ of restitution for the amount of its value.

*C. R. Morrison*, for the plaintiff in error.

*Felton*, for the defendant in error.

SAWYER, J. Upon the reversal of a judgment for error, restitution is to be awarded to the plaintiff in error of all which has been taken from him by virtue of the judgment, and applied in satisfaction of it. In real actions the award of restitution is specific, that the plaintiff in error be restored to the tenements, with the appurtenances, together with the issues and profits received, *colore judicii prædicti.* 13 Co. 21 ; Rast. Ent. 308; *Cummings & ux.* v. *Noyes*, 10 Mass. 433.

If satisfaction of the judgment has been obtained by an extent upon real estate, the land, and not its value, is to be restored ; but if there has been a sale of the property levied upon, the restitution is to be of the amount of money received from the sale, which has been applied in satisfaction of the judgment and officers' fees. Dyer 363, pl. 24 ; 5 Co. 90, b ; 8 Co. 96, b, 143 ; Roll. Abr. 778 ; Bac. Abr., Execution, Q ; 1 M. & S. 425 ; *Pangburn* v. *Ramsey*, 11 Johns. 141.

Under our statute, any overplus arising from the sale is held by the officer for the use of the debtor. The writ of restitution is issued without a *scire facias*, whenever the record shows the amount applied in satisfaction of the judgment ; and when this does not thus appear, a *scire facias* is to issue, or, according to

our practice, inquiry may be made by the court into the amount so applied, upon motion supported by affidavits. Tidd's Practice 936, 1137–38; 2 Salk. 587; *Saffon* v. *Stevens*, 2 Wend. 158; *Eames* v. *Stevens*, 26 N. H. (6 Foster) 117. But the inquiry can go no farther than to ascertain the amount which has been applied in satisfaction of the judgment, and officers' fees, which, for this purpose, are to be regarded as incident to the judgment. We are not aware of any authority for extending the restitution beyond this; including, however, interest upon that amount from the time of its receipt. Whether an action will lie for the damages occasioned by a sale of the property at an undervalue, is unnecessary to be decided. *Turner* v. *Feldgate*, T. Raym. 73; *Westerne* v. *Creswick*, 4 Mod. 161; 5 Com. Dig. 725. If the defendant in error is to be assessed in damages on that account, he has the right to have them assessed by a jury, and this cannot be done here, in conformity with any practice of which we are aware.

*Motion denied.*