## GAY v. SMITH.

28 171
68 169

Trespass does not lie by the general owner for taking from the pledgee personal property pledged for a debt.

If the proceedings of a court are reversed for error merely, they afford a justification for all things done under them before the reversal.

A writ of restitution, after a reversal for error, issues only for the amount for which the goods taken on execution were sold; not for the value of them.

Trespass does not lie to recover the difference between the value of the goods and the amount of the sale.

TRESPASS, for taking and carrying away and converting to the defendant's use, a piano-forte.

Plea, the general issue, with a brief statement, setting forth in due form all the facts stated in the following case, agreed by the parties:

The defendant, Eleazer Smith, commenced an action against the plaintiff, Theodore D. Gay, as principal, and N. B. Felton, as trustee, by writ returnable to the Court of Common Pleas for the western judicial district of this county, October term, A. D. 1855, at which term judgment was rendered against Gay in said action, by default, for damages and costs.

The trustee at the same term disclosed, as the facts were in substance, that he had in his possession in pledge to secure payment of a promissory note from Gay to himself for about $114 and some interest, a piano-forte of which Gay was the general owner and pledger.

A receiver was then appointed, and during the same fall the piano was sold by Smith's direction, for enough to pay the trustee's claim and his costs, Smith's judgment, and the expenses of the sale. The trustee's claim, including his costs, was paid out of the avails, after the sale and delivery of the piano to the purchaser, and the residue was applied in satisfaction of Smith's judgment against Gay and the expenses of the sale, according to the provisions

of the Compiled Statutes, ch. 221, sec. 16; which facts constitute the said supposed trespass.

An attested copy of the writ was left at the last and usual place of abode of said Gay in this State. At the commencement of the action Gay was absent from the State, and did not return until after the rendition of the judgment and the satisfaction of it as aforesaid, and no personal service of the writ was made on him and no appearance was entered for him.

In the spring or summer of 1856 Gay sued out a writ of error, upon which Smith's judgment against him was reversed at the December law term of the Supreme Judicial Court, 1857, in this district, on the ground of the insufficiency of the service or notice to him of Smith's suit; and Gay upon the said reversal took judgment at said term for restitution for the amount applied on Smith's execution against him, with the expense of said sale, and the trustee's costs, and interest on the whole, and his costs of his writ of error, upon which judgment he obtained an execution, which was fully paid and satisfied before the commencement of this suit. Gay had no knowledge of the suit until after the above sale, and no notice, except as above stated; and he claims that the property was sold for much less than its value.

If, upon the foregoing case, the court shall be of the opinion that the plaintiff is entitled to recover, the damages are to be assessed by a jury; otherwise, judgment to be for the defendant.

*Felton*, for the defendant.

1. Trespass does not lie upon the facts stated : First, because, at the time of the supposed trespass, Gay had neither possession, nor a right of possession, of the property in controversy, the same being pledged. *Clark* v. *Carleton*, 1 N. H. 110; *Heath* v. *West*, 28 N. H. (8 Fost.) 110, 111; *Poole* v. *Symonds*, 1 N. H. 294; *Smith* v. *Miller*,

Gay v. Smith.

1 D. & E. 480 ; *Ward* v. *McCauley,* 4 D. & E. 489 ; *Gordon* v. *Harper,* 7 D. & E. 9 ; *Muggridge* v. *Eveleth,* 9 Met. 233 ; Story's Bailments, sec. 303; *Cowing* v. *Snow,* 11 Mass. 415; 1 Chit. Pl. 168, 169, and 167, note 1 ; 5 U. S. Dig. 859, secs 275, 281 ; 3 U. S. Dig. 536, sec. 151 ; 1 U. S. Dig. 371, sec. 64 ; 13 U. S. Dig. 612, secs. 48, 49, 50.

2. Because Smith is protected by the judgment against Gay. *King* v. *Harrison,* 15 East 615, and note (d) ; 1 Chit. Pl. 186, and note 3 ; *Philips* v. *Beirne,* 1 Stra. 509 ; *Cummings* v. *Noyes,* 10 Mass. 433 ; *Atwood* v. *York,* 4 N. H. 50 ; *Durrell* v. *Merrill,* 1 Mass. 411 ; 5 U. S. Dig. 859, sec. 280.

3. Gay waived the tort, if any there was, by taking his judgment and execution for restitution, and causing the judgment to be satisfied. *Channing* v. *Yeaton,* 1 N. H. 154 ; *Webber* v. *Aldrich,* 2 N. H. 412 ; *Mann* v. *Locke,* 11 N. H. 248 ; *Hill* v. *Davis,* 3 N. H. 384. The court will not allow Smith to be vexed by the levy of two executions for the same cause of action.

4. Restitution is generally the party's only remedy, upon the reversal of an erroneous judgment against him, which has been satisfied ; *Murray* v. *Emmons,* 26 N. H. (6 Fost.) 523 ; 2 Bouv. Law Dict., Art. Restitution ; *Little* v. *Bunce,* 7 N. H. 485 ; *Eames* v. *Stevens,* 26 N. H. (6 Fost.) 117 ; *Trow* v. *Messer,* 32 N. H. (1 Fogg) 361 ; 4 U. S. Dig. 644, sec. 391 ; and it is so in this case, the defendant not having been guilty of fraud.

*C. R. Morrison,* for the plaintiff.

The judgment being reversed, should be regarded as void for the sake of the remedy. In this respect there is a difference between the case of a party, and that of a stranger, or an officer. It is a well settled principle that, upon the reversal of judgment on a writ of error, the plaintiff in error is entitled to restitution, and to be placed in the same situation he would have been if the erroneous judgment had never been rendered. *Russell* v. *Dyer,* 33 N. H. (2 Fogg) 199 ; *Cummings* v. *Noyes,* 10 Mass. 434.

Though a stranger shall not be made a trespasser by relation, yet it is otherwise with the party himself, where a judgment is reversed for irregularity. *Case* v. *De Goes,* 3 Caines 261.

Here the judgment had no validity. Without notice to the defendant, a judgment is simply void. *Thurber* v. *Blackbourne,* 1 N. H. 242; *Horn* v. *Thompson,* 31 N. H. (11 Fost.) 563, and cases cited; *Eaton* v. *Badger,* 33 N. H. 228; *Carleton* v. *Washington Insurance Co.,* 35 N. H. 162. In these cases it is held that, if the proceedings in trustee cases are not conformed to the statute, they are void. It follows that the judgment in such case forms no justification for any thing done under it.

Bell, J. The authorities cited for the defendant fully sustain the position, that the general owner of personal property cannot maintain trespass against one who has wrongfully taken the property from the possession of a pledgee, because he is not entitled to the possession. This objection is fatal to the action in its present form.

It is not suggested that the Court of Common Pleas had not jurisdiction of the subject matter of the action in the case here in question, and no doubt can be made upon that point. If their jurisdiction was deficient in this respect, the judgment would be void, and it might be treated as such in any other proceeding. *Kittredge* v. *Emerson,* 15 N. H. 227; *State* v. *Richmond,* 26 N. H. (6 Fost.) 232.

Want of jurisdiction of the person of a defendant, renders a judgment invalid. The defect insisted upon in this case is, want of actual notice of the suit to the defendant. But this defect renders a judgment voidable, not a mere nullity. *Morse* v. *Presby,* 6 N. H. 363; *Nichols* v. *Smith,* 26 N. H. (6 Fost.) 300.

In the argument of the plaintiff, it is insisted that, without notice to the defendant, a judgment is simply void, and several cases in our Reports are cited to sustain the position, but they do not support so broad a statement.

*Thurber* v. *Blackbourne*, 1 N. H. 242, holds that at common law nothing was regarded as a judgment, unless rendered upon personal notice to the defendant, or his appearance to the action; and, therefore, a judgment rendered without notice or appearance, in another State, though valid by its laws, was not to be deemed a judgment within the meaning of the constitution and laws of the United States, so as to have a conclusive effect here. The same principle is held in *Whittier* v. *Wendell*, 7 N. H. 257, and in *Rangely* v. *Webster*, 11 N. H. 299. These cases merely deny to judgments rendered without notice a conclusive effect out of the State where they are rendered.

In *Horn* v. *Thompson*, 31 N. H. (11 Fost.) 563, it was held that a judgment charging the maker of a promissory note as trustee of the payee, was invalid as against an indorsee, who was not a party to the suit nor notified of the proceeding, on the ground that he was a stranger, and that the provisions of the statute as to notice had not been complied with.

In *Eaton* v. *Badger*, 33 N. H. 228, it was shown that no service was made on the principal defendant in a trustee suit. He did not appear, had no actual notice, his property was not attached, and the trustee had nothing in his hands. The judgment was held merely void. It clearly was so at common law, and no statute upheld it.

In *Carleton* v. *Washington Insurance Co.*, 35 N. H. 162, it was held that if the supposed trustee has nothing in his hands, no property is attached, no notice is given, and there is no appearance, the judgment is a nullity. But in this case it is held, that if the trustee has funds in his hands, so that property of the defendant is held by the process, the judgment is not to be treated as a nullity, though it may be liable to be reversed on error.

These cases all imply, that though no personal notice has in fact been given to the defendant, yet if such notice has been given as our statutes prescribe, a judgment will

be valid here, so far at least as the property within the jurisdiction and holden by attachment or otherwise, is concerned, though it may be entirely inoperative beyond the limits of the State ; and in the case of *Kendrick* v. *Kimball*, 33 N. H. (2 Fogg) 482, it was held that debt would lie here upon a judgment rendered in this State, where property was attached and notice given by publication, agreeably to the statute, though no actual notice ever reached the defendant. It could not have been so if the judgment was wholly void.

In the present case there was property in the hands of the trustee upon which the judgment could operate, and the process was duly served by leaving a copy at the defendant's usual place of abode, according to the statute. The judgment consequently was not a nullity, nor liable to be avoided, except by proper legal proceedings.

The judgment having been reversed upon a writ of error, it is contended for the plaintiff that it is to be regarded as void from the first, for the sake of the remedy. But the rule is the reverse of this. An erroneous proceeding is valid till reversed on error, and notwithstanding such reversal, it is regarded as having been valid. It still remains a record, though reversed. It may be pleaded as such, and constitutes a justification for all things done under its authority until the reversal. *Blanchard* v. *Goss*, 2 N. H. 493 ; *Gorrill* v. *Whittier*, 3 N. H. 265 ; *Smith* v. *Knowlton*, 11 N. H. 191 ; *Morse* v. *Presby*, 25 N. H. (5 Fost.) 303. Considering the defect of the proceedings as an error only, the judgment is a complete justification, and the plaintiff's action cannot be sustained.

Without doubt a judgment may be reversed on error, because of the want of jurisdiction of the court which assumed to render it, and it is not supposed that in such a case the reversal would give any legal effect to a judgment previously void. It still might be treated as a nullity. But even in that case a different principle might interpose an

obstacle to the plaintiff's recovery in this action.    Where the law gives to a party an election of several remedies for the redress of a wrong, he is limited to that of which he has first availed himself.    No one is to be twice vexed for the same cause.    Broom's Maxims 241.    Here the plaintiff, upon the most favorable view of his case, had two remedies : one by his action of trespass, supposing the judgment void ; the other by a writ of error and a writ of restitution upon the reversal of the judgment.    He has had recourse to the last, and has· had his writ of restitution satisfied.    He cannot have any further redress.

Upon a reversal of a judgment the plaintiff in error is by law to be restored *to all things* which he has lost by the judgment in the court below ; *Eames* v. *Stevens,* 26 N. H. (6 Fost.) 124 ; *Pangborn* v. *Ramsay,* 11 Johns. 143 ; *Trow* v. *Messer,* 32 N. H. 363 ; *Little* v. *Bunce,* 7 N. H. 49 ; 2 Saund. 101, (y); Com. Dig. 3 B. 20 ; 2 Tidd Prac. 1137 ; and with this principle agree all the forms—"that the said N. be restored *to all things* which he has lost by reason of the judgment aforesaid."    Lilly's Entries 640, 650 ; Manning's Case, 8 Co. 191, ; Anon, 2 Salk. 588.    The plaintiff, therefore, by legal intendment, has already recovered all things that he has lost by the judgment, and he has in law no further claim.

The plaintiff has already recovered the amount for which his property was sold ; he claims now the difference between that sum and the actual value of the property, which he alleges was much larger ; but many decisions show that the amount to be recovered in cases where the execution has been levied upon chattels real or personal, is the amount raised by the sale.    If a man recovers damages, and has execution by *fieri facias,* and upon the *fieri facias* the sheriff sells to a stranger a term for years or any personal chattel, and afterward the judgment is reversed, the party shall be restored only to the money for which the term was sold or the goods, and not the term itself or the chat-

tels, because the sheriff has sold them by command of the *fieri facias*. But if a man has an elegit against his debtor's chattels, and the sheriff deliver him a lease by extent, to hold as his own term, and afterward the judgment is reversed, the debtor shall be restored to the term, and not to the value; and, for the same reason, if personal goods were delivered to the party by extent, the owner, upon reversal of the judgment, shall be restored to the goods themselves. 2 Tidd Prac. 1137; 2 Bac. Ab., Execution, 2; Error, M. 3; *Goodyere* v. *Ince*, Cro. Jac. 246, S. C. Moore 593, and Yelv. 179; *Backhurst* v. *Mayo*, 1 Rolle's Ab. 778; Dyer 363, pl. 24; Denny's Case, 8 Co. 284; Manning's Case, 8 Co. 191; *Eyre* v. *Woodfine*, Cro. El. 278; Hoe's Case, 5 Co. 91; Met. Yelv. 191, note 2; *Jeanes* v. *Wilkins*, 1 Ves. 195; *Little* v. *Bunce*, 7 N. H. 491; *Trow* v. *Messer*, 32 N. H. 363.

The reason for which the law regards the amount for which personal property is sold on a *fieri facias*, as all that the party has lost by reason of the judgment, is stated in Yelv. 179. "But if the sale had been to a stranger, by the sheriff, of this term, for £100, although the value was £1,000, yet, upon the reversal, he should not have the term again, but the money: viz., £100, according to the opinion 20 Eliz., Dyer 362 for it is the party's folly that he does not pay the judgment."

That the party who has had restitution in error, cannot afterward maintain any suit for the property taken on the execution, is shown by the case of *Doe* v. *Thorn*, 1 M. & S. 427, where it was decided that if the sheriff sell a term under a writ of *fieri facias*, which is afterward set aside for irregularity, and the produce of the sale directed to be returned to the termor, the termor cannot maintain eject-ment, to recover his term against the sheriff's vendee.

These views seem to us entirely decisive against the present action, and there must be

*Judgment for the defendant.*