Barker *v.* Wing.

BARKER v. WING.

Where an order is made by a county court, upon a motion in an action pendirig in that court, an appeal to the Supreme Court from such order brings nothing into the appellate court, except the *motion,* and *copies* of the papers on which it was founded. The *action* still remains pending in the county court, and no other court can render the judgment.

Thus where a verdict was rendered in favor of the plaintiff, in the county court, but before entry of judgment thereon, the defendant moved for a new trial, in that court, which motion was granted, and then the plaintiff appealed to the Supreme Court, where the order granting a new trial was reversed, and a new trial denied, and judgment ordered on the verdict, with costs ; *Held* that such judgment was irregularly and improperly entered, in the Supreme Court; and the same was set aside.

The Code has not changed the practice which formerly existed, on the subject of rendering judgments by courts of review. The "customary practice" still prevails, under rule 93 of the rules of practice.

And as there never was any " customary practice" of entering judgments by the appellate court, in a case of that nature, such a judgment is without precedent or authority to sustain it.

THE action was commenced in a justice's court, where the plaintiff recovered, and°had judgment. The defendant appealed to the county court of Erie county, where a new trial was had, and a verdict for a larger amount was rendered in the plaintiff's favor. Before judgment was

entered on the verdict, the defendant made a case containing exceptions, and moved for a new trial in that court, which was granted. The plaintiff appealed from the order granting a new trial, to this court at general term, where the order granting a new trial was reversed, with costs of the appeal, and a new trial denied, and judgment ordered in this court on the verdict, with costs of the action and the appeal. Judgment was thereupon entered in this court. A motion is now made to set aside the judgment in this court, as having been irregularly and improperly entered therein, and heard by consent at general term.

*Geo. Wing,* appellant, in person.

*Ganson & Smith,* for the respondent.

*By the Court,* JOHNSON, J. Had judgment been entered in the county court in the defendant's favor, instead of an order granting a new trial, on appeal from such judgment and reversal in this court, judgment would have been properly entered in the plaintiff's favor, in this court. In that case the appellate court will give such judgment as the court below should have given. This was the practice before the Code, on a case brought from an inferior, into a superior court, for review, on writ of error, and had been, from time immemorial. (*Pangburn* v. *Ramsay,* 11 *John.* 141. *Dunham* v. *Simmons,* 5 *Hill,* 507. *Graham's Pr.* 962, 2d ed. *Philips* v. *Berry,* 1 *Ld. Raym.* 5, 10.) The case last cited was decided in the house of lords, on writ of error from the king's bench. It was objected that the house of lords could not render judgment, on the reversal of the judgment in the king's bench, because the record was not before them, but only a transcript thereof, and therefore the king's bench ought to render the judgment. But Holt, Ch. J., said that in judgment of law the true record was before them, " for the writ of error says *recordum et processum,* and not *transcriptum.*"

Barker *v.* Wing.

He said, further, " if judgment be first given for the plaintiff, and this judgment be reversed upon error, the defendant is *in statu quo*, and then he has no need to enter a new judgment. But when judgment is first given for the defendant, and this is reversed, upon error, a new judgment ought to be entered to put the plaintiff in possession of that which he demands." And it was adjudged by all the court in the case, "that the king's bench cannot enter the new judgment for the plaintiff, because when the king's bench had given judgment upon the original, it had wholly executed its authority, so that it could do no more. And there is no precedent that ever the king's bench did enter a new judgment upon reversal in parliament of a judgment given *in B. R.*" Judgment was afterwards, upon application, entered by the house of lords. The practice was thus settled according to universal usage at that time, and it has been followed ever since in England, and in this State, in the Supreme Court. For peculiar reasons, however, the practice never obtained in our late court of errors, nor in our present Court of Appeals. The rule and the reason of it, is as applicable to appeals from judgments under the Code, as to writs of error under the former practice. The appellate courts upon the appeal have, " in judgment of law the true record before them," the same as they had formerly on writ of error. I have adverted to the rule, and the reason of it, thus at length, for the purpose of showing that it does not authorize this judgment. This judgment, in this court, upon an appeal from an order, is not in accordance with any practice heretofore known. The action was in the county court, and was never removed into this court. The action remained in that court, and was never sought to be removed into this court by the appeal. The order appealed from was made upon a motion in the action, in that court. This order only was appealed from, and the appeal brought nothing

into this court but the motion, and *copies* of the papers on which it was founded.

When the appeal is from an order in the county court, affecting a substantial right, to the Supreme Court, "such appeal shall be heard on a copy of the papers on which the order appealed from was made." (*Code*, § 344.) The appeal here did not say "*recordum et processsum*," but "*transcriptum*," only, of the motion papers. The action still remained pending in the county court. The appeal brought here the motion only, and not the action; and it was of the motion, and not of the action, that this court acquired jurisdiction by the appeal. The county court had not given judgment in the action. It had not "wholly executed its authority, so that it could do no more." But the process and proceedings remained there, and no other court could render the judgment. No remittitur to the county court is necessary or proper, as the action, with the process and proceedings, still remain in that court. It is clear that the Code has not changed the practice which formerly existed on the subject of rendering judgments by courts of review. The provisions of section 347 relate to appeals from judgments, where a judgment has been entered and judgment roll filed, and not to appeals from orders, where there has been no judgment. It does not specify which court shall enter or render the judgment, on the determination of the appeal, but leaves the practice as it formerly was, on that subject, in force. "The customary practice," therefore, still prevails, under rule 93 of our present rules. But as there never was any "customary practice" of entering judgments by the appellate court in a case like this, the judgment stands here without precedent or authority to sustain it. It must therefore be set aside, as having been irregularly and improperly entered in this court, with costs of the motion.

[Fourth Department, General Term, at Rochester, September 5, 1870. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]