Gilmorb, J.
When the erroneous judgment was reversed, the plaintiff' in error was entitled to a restoration of all that he had lost thereby. Tidd’s Pr. 1186; Evans v. Stephens, 26 N. H. 117.
The amount that was lost in this case was rendered certain by the sheriff’s return upon the execution, which was a matter of record in the court of common pleas, to which the cause was remanded for further proceedings on the-reversal of the judgment by the supreme court. This being so, and the financial condition' and property of the parties remaining the same as when the judgment was collected, a judgment of restitution should have been granted upon the revérsal of the judgment. 2 Salk. 588; Tidd’s Pr. 1033; Trow v. Messer, 32 N. H. 361; Cowder v. Hanford, 4 Ohio, 374; Murray v. Emmons, 6 Foster, 523; Pangburn v. Ramsey, 11 Johns. 141; Gay v. Smith, 36 N. H. 435.
When the case came before the court of common pleas on mandate, if the plaintiff' in error had moved for an order of restitution and an award of execution for the-amount collected, with interest and costs, it would have-been the duty of the court to have granted the motion,. *30 .notwithstanding the fact that the judgment that had been reversed may have been just, and that Garner on another trial would probably again obtain judgment against Bick<ett. To suspend restitution on this ground would involve the court in endless difficulties. It might be alleged in ■every case in which a judgment is reversed, and remanded for further proceedings, that in all probability there will be the same verdict and judgment; and if the court was required to listen to suggestions of this kind, it might be ■compelled in every.instance to investigate the merits of the ■cause on a motion for restitution. To avoid all embarrassments of this kind, the general rule must be, that on the reversal of the judgment, the plaintiff in error is entitled to restitution when the amount which he has lost is made ■certain and ascertainable by the record. Ranck v. Becker, 13 S. & R. 41.
In Hall v. Hrabrowski, 9 Ala. 278, a party dissatisfied with the judgment in his favor, filed a petition in error to reverse it, and while the case was pending on error, issued .an execution and collected the money. The judgment was reversed, and he was proceeding to trial again, but the ■court, on motion, restrained him until he had paid back the money. On page 279 the court lays down the rule as follows: “ All courts are in the habit of restraining the .action of suitors before them, when their acts are oppressive or vexatious. Thus, where a writ of error is sued out and bail in error given so as to suspend execution, if the plaintiff in error sues out, as he may, scire facias on the judgment, or brings a new action on the judgment, the appellate court will direct a stay of proceedings upon terms, until the suit upon the writ of error is determined. Tidd’s Practice, 470. This case is entirely analogous to the present. It is certainly both vexatious and oppressive in the plaintiff' to prosecute a suit here to reverse a judgment, the correctness of which he impliedly affirms by coercing payment from the defendants under it. We will, therefore, .refuse our aid until he places the opposite party in statu *31 •quo by refunding all money which he has exacted from him by the execution.”
This case, although not directly in point, illustrates the principle involved—viz., that it is vexatious and oppressive to permit a party to proceed, while he retains the money collected by execution on a judgment rendered in the same •cause, which has been reversed; and further, that it is the ■duty of the court to restrain him from doing so. Two ■points are therefore settled by the authorities above cited: (1) that upon the reversal of the judgment, the plaintiff in error was entitled to restitution in this case, without reference to the merits of the cause of action upon which the judgment was rendered; and (2) that Garner should have been restrained from proceeding with his origiual action, until he had placed Biekett in statu quo by restoring the money which had been exacted by the execution issued on an erroneous judgment against him.
Biekett had two remedies in the case, either of which he had the right to pursue—viz., either to have restitution against Garner alone, or to bring suit upon the restitution bond against all the parties to it. He ejected to pursue the .latter remedy.
The question is, after dismissing his original action, had Garner the right to set up, by way of set-off in the action •on the boud, the same demand that constituted the cause of action in the original suit?
In determining this question, it is proper to look to section 522 of the code, in pursuance of which the bond was ■executed, and also the condition of the bond.
The section reads as follows :
“ In an action arising upon a contract for the payment of money only, notwithstanding the execution of the undertaking in the last section mentioned, to stay proceedings, if the defendant in error give adequate security to make restitution in ease the judgment is reversed or modified, he may, upon leave of the court below, proceed to •enforce the judgment. Such security must be an undertaking executed to the plaintiff in error, by at least two *32 sufficient sureties, to the effect that if the judgment be reversed or modified, he will make full restitution to the-plaintiff in error of the money by him received under the-judgment.”
The condition of the bond is as follows:
“Now, therefore, we, John Garner, Lewis Iloeket, and Thomas S. Jackson, do undertake to the said John Bickett, in the sum of fifteen hundred dollars, that we will make-restitution in full of the money which may be received under the judgment to said John Bickett, in case said judgment is reversed or modified.”
This condition is a compliance with the requirements of the section, and binds the obligors to do precisely what the law would have required Garner to do, if there had been no supersedeas bond filed, and he had collected the •judgment on execution, without filing a restitution bond, viz : to make restitution on the reversal of the judgment. If, as has been shown, the court could properly have restrained Garner from proceeding in his original action until he had placed Bickett in statu quo, surely Garner-stood in no better position before the court with reference to the demands upon which his original action was founded,. after the dismissal, than he did before. If he could not proceed in the original action without first making restitution, it is absurd to say that when Bickett seeks to compel restitution, by action upon the bond, the cause of action upon which the original suit was brought can be transformed into an available set-off under the code, by dismissing the original action. The provisions of the code ■ work no such transformation, and its provisions relative to set-off have no application in this case.
The court of common pleas did not err in sustaining the ■ demurrer to the answer and rendering judgment for Bickett on the bond. The district court, therefore, erred in reversing the judgment of the common pleas.
The motion for leave to file petition in error is granted.. The judgment of the district court is reversed, and that of the common pleas affirmed. Judgment accordingly.