OLDMAN-MAGEE BOILER WORKS, INC., Respondent, *v.* OCEAN & INLAND TRANSPORTATION CO., INC., Appellant, Impleaded with FRANK HUCKABONE, Defendant.

Fourth Department, July 1, 1924.

**Ships and shipping — action against charterer to recover for repairs made to tug — obligation to make repairs was by terms of charter party on owner — owner was employed as master — charterer not bound by acts of special agent who ordered repairs — neither authority nor ratification shown — not error to refuse to direct verdict against charterer on theory that master ordered repairs since evidence is disputed — if master, who is owner, ordered repairs he must be deemed to have acted as principal.**

In an action against a charterer to recover for repairs made to a tug in which it appears that by the terms of the charter party the owner was required to make repairs and that the owner was engaged independently as master of the tug, the charterer is not liable for the repairs which were ordered by a special agent since there is no evidence to show that the agent had authority to order the repairs or that the acts of the agent were ratified.

It was not error for the court to refuse to direct a verdict in favor of the plaintiff against the charterer on the theory that the repairs were ordered by the master,

184 OLDMAN-MAGEE BOILER WORKS, INC., *v.* O. & I. T. CO., INC.

Fourth Department, July, 1924.                    [Vol. 210

who was the owner of the tug, since the evidence that the master ordered the repairs is disputed, and furthermore, if it is shown that the master did order the repairs made, it will be presumed, in view of the fact that by the terms of the charter party he as owner was obliged to make the repairs, that he acted as principal and not as agent for the charterer.

APPEAL by the defendant, Ocean & Inland Transportation Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 9th day of January, 1924, upon the verdict of a jury, and also from orders dated October 17 and December 31, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Goldsmith & Fraenkel* [*Osmond K. Fraenkel* of counsel], for the appellant.

*Thomas C. Burke*, for the respondent.

SEARS, J.:

The defendant Frank Huckabone, the owner of a steam tug, chartered the vessel for three months to the defendant Ocean & Inland Transportation Co., Inc., for towing service in New York harbor, Hudson river, New York State canals and tributaries. The charter party was executed in New York city where the charterer maintained an office. By the terms of the charter party the charterer was given full control over the tug and was to pay all expenses except that the owner agreed to maintain the boat's hull and machinery in a thoroughly efficient state during the charter term and in the event of a breakdown continuing for twenty-four hours payment for hire was to cease until the boat was again in an efficient state to resume service. Entirely outside of the charter provisions the charterer hired the defendant Huckabone as master.

During the charter term the Oldman Boiler Works, the plaintiff's assignor, made repairs to the boiler and smokestack of the tug while in the port of Buffalo and for the value of these repairs the plaintiff has recovered judgment against both the defendant Huckabone and the defendant Ocean & Inland Transportation Co., Inc., and the latter has appealed to this court.

The Ocean & Inland Transportation Co., Inc., was engaged in the business of carrying freight on barges on the Erie canal and employed in Buffalo the firm of Boland & Cornelius, who were there engaged in the business of vessel agents or brokers. The trial court submitted to the jury the question whether the repairs to the tug were ordered by the firm of Boland & Cornelius, and whether the firm had authority from the corporation defendant to order such repairs on its account. The jury's verdict in favor of the plaintiff answered both of these questions in the affirmative. The burden

was upon the plaintiff to establish the agency.  (*Churchill Grain & Seed Co., Inc.,* v. *Buchman,* 204 App. Div. 30.)  The evidence fails to disclose any facts upon which such authority could be found. It appears without dispute that Boland & Cornelius were employed by the Ocean & Inland Transportation Co., Inc., as agents " for the purpose of transporting eastbound cargoes and dispatching of their [the corporation's] boats while at Buffalo." The firm's duties were confined to " obtaining and loading cargoes and unloading cargoes on these barges." The defendant corporation never authorized or ratified the act of the brokers in having the repairs made. The verdict against the Ocean & Inland Transportation Co., Inc., therefore, cannot stand.

The respondent argues, however, that its motion for a direction of a verdict should have been granted and the judgment should, therefore, be affirmed on the theory that the repairs were ordered by Huckabone and that as master he bound the corporation defendant. The evidence that Huckabone, the master, ordered the repairs is not undisputed. There is evidence that the repairs were expressly ordered by Boland & Cornelius. It was at most a question of fact as to whether Huckabone gave orders or not and the motion for a directed verdict was properly denied. There is a further answer to this argument of appellant's. Huckabone was the master of the tug and as such the agent of the charterer for all matters within the scope of the authority vested in him, expressly or impliedly, by the charterer. (*McCarthy* v. *Eggers,* 1 Fed. Rep. 478; *Goodridge* v. *Lord,* 10 Mass. 483; *Swanton* v. *Reed,* 35 Me. 176.)  But he was also the owner of the tug and by the terms of the charter party the obligation to make substantial repairs to the boat's hull and machinery, as between himself and the charterer, rested on him. In ordering the repairs (assuming that he did so), he had no express or implied authority from the charterer to pledge its credit. The case is devoid of evidence that he attempted to do so. Under the circumstances he must be deemed to have acted as principal and not as agent for the charterer. (*Bull* v. *New York & Porto Rico S. S. Co.,* 167 Fed. Rep. 792; *The Endsleigh,* 124 id. 858; *The Turgot,* L. R. 11 P. D. 21.)

We need not consider whether there might be a different result had Huckabone expressly attempted to bind the Ocean & Inland Transportation Co., Inc., neither is there involved on this appeal the question as to the extent of a master's authority to bind the owner in ordering substantial repairs when the vessel is at a port where with the present development of post, telegraph and telephone, communication with the owner is not only practicable but easy. (*Provost* v. *Patchin,* 9 N. Y. 235; *McCready* v. *Thorne,*

49 Barb. 438; *Jordan* v. *Young,* 37 Me. 276; *Gunn* v. *Roberts,* L. R. 9 C. P. 331.)

The judgment appealed from should be .reversed on the law and the facts as to the defendant Ocean & Inland Transportation Co., Inc., and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and orders reversed on the law and facts and new trial granted, with costs to appellant to abide event.